# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 20-2050V

| | |
|---|---|
| LESLIE ANDERSEN,<br><br>　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: August 30, 2023 |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA,* for Petitioner.

*Madelyn Weeks, U.S. Department of Justice, Washington, DC,* for Respondent.

**DECISION AWARDING DAMAGES**[1]

　　On December 30, 2020, Leslie Andersen filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza vaccination she received on October 18, 2019. Petition at ¶1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

　　On July 27, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. On August 30, 2023, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $62,552.84, representing $60,000.00 in pain and suffering and $2,552.84 in past unreimbursable expenses. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $62,552.84, comprised of $60,000.00 in pain and suffering and $2,552.84 in past unreimbursable expenses, in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| LESLIE ANDERSEN,<br><br>                            Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                            Respondent. | No. 20-2050V<br>Chief Special Master Brian H. Corcoran |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On December 30, 2020, Leslie Andersen ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza ("flu") vaccine she received on October 18, 2019. Petition at 1. On March 13, 2023, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report recommending that entitlement to compensation be denied. ECF No. 37. On July 27, 2023, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.[1] ECF No. 38.

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Chief Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's July 27, 2023, entitlement decision.

I.    **Items of Compensation**

    A.    Pain and Suffering

Respondent proffers that petitioner should be awarded $60,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

    B.    Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $2,552.84.  *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

II.    **Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[2]:  a lump sum payment of $62,552.84, in the form of a check payable to petitioner.

III.    **Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Leslie Andersen:                **$62,552.84**

                              Respectfully submitted,

                              BRIAN M. BOYNTON
                              Principal Deputy Assistant Attorney General

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

s/ MADELYN E. WEEKS
MADELYN E. WEEKS
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel: (202) 305-3262
madelyn.e.weeks@usdoj.gov

Dated: August 30, 2023